John T. Casey, J.
The only issue involved herein is the interpretation to be given subdivision b of section 80-a of the Retirement and Social Security Law which relevantly provides that "any person who is * * * an assemblyman or an annual or session employee of the legislature may elect to come under the provisions of [the Legislative and Executive Retirement Plan] by filing an application therefor with the comptroller on or before April first, nineteen hundred sixty-nine or within one year after he last becomes * * * an assemblyman or an annual or session employee of the legislature, whichever is later”.
*743 From January, 1949 to December 31, 1965 the petitioner was an assemblyman and continued as counsel and advisor to the Speaker of the Assembly from January 1, 1966 until December 31, 1968. Throughout 1969 and up until April 9, 1970 he was not employed in any qualifying position. On December 30, 1969 while not so employed he indicated his intention to file for retirement under section 80-a. The Hearing Officer found and this court agrees that this letter was ineffective as an election because the petitioner was not in a qualifying position at that time and that the April 1, 1969 date provided by the statute had then expired.
The petitioner resumed qualifying employment, however, on April 9, 1970 when he became Clerk of the Ways and Means Committee, a position he held until December 31, 1970. This period of employment was sufficient to designate him an annual employee. (Retirement and Social Security Law, § 80-a, subd a, par 2.)
By letter dated February 18, 1971 the petitioner wrote the Retirement System again designating his election for retirement under section 80-a. Because the petitioner was not employed in qualifying employment on February 18, 1971 the Hearing Officer decided administratively the election on that date was untimely. Apparently the Hearing Officer found that as an" annual employee the petitioner’s last period for an election ran from January 1, 1970 to December 31, 1970 and, therefore, the application of February 18, 1971 was too late. The petitioner contends he has a full year after his last employment has ceased to elect the benefits of section 80-a. The respondent claims that the election had to be made during the calendar year 1970, the" last calendar year of qualifying employment.
In this court’s opinion both such conclusions are erroneous, and as a matter of law, therefore, the determination of the Hearing Officer must be characterized as arbitrary and capricious. When the April 1, 1969 date has passed without an election being made, as herein, the statute (§ 80-a) provides that the election can be made "within one year after he last becomes * * * an annual or session employee of the legislature, whichever is later”. The petitioner, although he was considered an annual employee for the year 1970, did not become such until April 9, 1970. Therefore, he has one full year according to the statute from April 9, 1970, the date when he began his last qualifying employment, or until April *744 9, 1971 to make his election. His filing on February 18, 1971 must be considered timely and appropriate for the election of benefits under section 80-a.
The Comptroller must compute the petitioner’s retirement benefits accordingly. The petition is granted.